**FILED**

AUG 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Robert Scott
Linda Casoria-Scott,
*1796 Augusta Drive West*
*Mobile, AL 36695*
               Plaintiffs,

v.

United States of America

               Defendant.

Case No.

Jury Trial Demanded

Case: 1:07-cv-01529
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/27/2007
Description: Pro Se Gen. Civil

*JURY ACTION*

## VERIFIED COMPLAINT, PETITION, AND CLAIM FOR JUDICIAL REVIEW AND FOR DAMAGES
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## FOR JUDICIAL REVIEW AND FOR DAMAGES UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]

### INTRODUCTION

COMES NOW Robert Scott, and Linda Casoria-Scott, each in their own right,

Faretta v. California, 422 US 809, reserving their right to Assistance of Counsel, Id.,

AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat.

73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND

POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998,

63 Federal Register 240, pp 68991-68993, and for their causes of action, aver:

---

[1] Pursuant to the terms of 26 USC 7433(a) Plaintiffs are instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgment, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding Plaintiffs.

## I.    PARTIES

A.    Robert Scott and Linda Casoria-Scott, Plaintiffs, are Citizens of Alabama, a Republic, "State in th[e] Union," established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392; 393,  to determine whether officers or employees responsible for agency actions[2] subject of Counts one through forty-one, below, disregarded identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder; and,

2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*; and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to review the agency record for the purposes described in ¶ II.A., above; and,

B.    Upon such finding, the district court of the United States has power, pursuant to § 706 of the ADMINISTRATIVE  PROCEDURE ACT, 80 Stat.

---

[2]"'Agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;"  5 USC 551 (13).

393, to compel agency action unlawfully withheld or unreasonably denied; Id., 80 Stat. 393 , and to hold unlawful and set aside agency action, findings, and conclusions found to be,

> 1. in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;
>
> 2. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or
>
> 3. short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

C. Upon such finding, to award damages for such disregard of identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, pursuant to the Taxpayers' Bill of Rights, P.L 105-206, § 3102, 112 Stat 730, *aka* § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended

## III. VENUE

A. Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein "The Office of the Secretary" is required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat.

643, and is so exercised, at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.  ALLEGATIONS[3]

Plaintiffs, in accordance with the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[4], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), allege:

COUNT 1

By disregard of Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiffs, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify

---

[3] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that Plaintiffs are not aware of which have been disregarded.

[4] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

Plaintiffs, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the IRC.

COUNT 3

By disregard of Internal Revenue Code section 6020, 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 5

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 6

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 7

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 8

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitutes for Returns in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 9

By disregard of Internal Revenue Code section 6103, 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitutes for Returns, and return information to Plaintiffs or Plaintiffs' representative upon request.

COUNT 10

By disregard of Internal Revenue Code section 6109 , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiffs into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiffs, a false status of "alien" and/or "applicant/recipient".

COUNT 11

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1.    Taxes shown on return 26 USC § 6201(a)(1); and,

2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 12

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, collected amounts collectable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms. The aforesaid agents have wrongly collected 44,124.73, and continue to collect, from Plaintiff by way of a continuous order to Plaintiff's employer. This collection continues despite the fact that defendant's agency / agents have not furnished Plaintiff or Plaintiff's employer with a Notice of Levy. See Exhibits 3, 4, 5, and 6.

COUNT 13

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessments in the office of the Secretary in the names of Robert Scott and/or Linda Casoria-Scott.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary records of assessment, which include,

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment.

COUNT 16

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to furnish Plaintiffs copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 17

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiffs copies of signed summary records of assessment with supporting lists upon request.

COUNT 18

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the IRC.

COUNT 19

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes; i.e., taxes imposed by the Internal Revenue Code . Specifically:

1.      The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.      The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.      The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a) (1) which includes a certification that the

employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

4.      Defendant's agents, Julie Sampiere, ID # 8907648, and Stephen P. Warner, purportedly an Operation Manager, "directed" Plaintiff's employer (and / or the payroll personnel thereof) to disregard Plaintiff Robert Scott's withholding status and to withhold from Plaintiff at the maximum rate. See Exhibit 7 and 8.

5.      Defendant's agents purportedly "...entered an exemption control code..." into the payroll computer system of Plaintiff Robert Scott's employer. Further, Plaintiff's withholding status has not only been "over-ridden", Plaintiff has been wrongly barred from deciding said withholding status. The aforesaid *entering* of an exemption code into the Computer system of Plaintiff's employer has also resulted in Plaintiff wrongly being denied access to said computer system. See Exhibit 9

6.      Defendant's agent, Maureen A. Judge, purportedly an Operations Manager, ordered Plaintiff Linda Casoria-Scott's employer to withhold from Plaintiff at the maximum rate. This order to "over-ride" and ignore Plaintiff's chosen withholding status also contained a threat to the employer. Thus, neither Plaintiff nor Plaintiff's employer has any control over the subject withholding agreement. Operation Manager Maureen A. Judge has effectively over-ridden the entire withholding agreement between Plaintiff Linda Casoria-Scott and her employer. See Exhibit 10

COUNT 20

By disregard of Federal Tax Regulations in 27 CFR Part 24, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 21

By disregard of Federal Tax Regulations in 27 CFR Part 25, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 22

By disregard of Federal Tax Regulations in 27 CFR Part 26, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 23

By disregard of Federal Tax Regulations in 27 CFR Part 270, promulgated pursuant

to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 24

By disregard of Federal Tax Regulations in 27 CFR Part 41, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 25

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 26

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6301 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 27

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the IRC.

COUNT 28

By disregard of Federal Tax Regulations in 27 CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 29

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax

imposed in Subtitle A of the Internal Revenue Code.

COUNT 30

By disregard of Internal Revenue Code section 6304, 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 31

By disregard of Internal Revenue Code section 6320, 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, denied me the right to a meaningful collection due process hearing in conjunction with subsections (c), (d) (other than paragraph (2) (B) thereof), and (e) of section 6330. See Exhibit 1 and Exhibit 2.

COUNT 32

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 33

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 34

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 35

By disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

## V

## SPECIAL MATTERS

Counts one through thirty-five, above, are re-alleged and incorporated as if fully set forth herein. Upon information and belief, each disregard of provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder identified above; intended to

defeat the application of the respective provision of the Internal Revenue Code, is a separate and distinct violation of IRC § 7214(a)(3).

### REMEDY SOUGHT

.       Plaintiffs seek a finding that principals, officers, agents, and/or employees of defendant's agency (Internal Revenue Service) disregarded cited provisions of the Internal Revenue Code and/or regulations promulgated under that Title with intent to defeat the application thereof.

.       Upon a finding as sought, Plaintiffs seek an ORDER:

1.      compelling agency action unlawfully withheld or unreasonably denied;

2.      holding unlawful and setting aside the agency actions, findings, and conclusions found to be,

> A. in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;

> B. contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or

> C. short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

3. directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for

each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per

disregard, totaling 350,000.00 and,

4. directing defendant to pay Plaintiff 44,124.73 in damages, the amount by which

Plaintiffs' have been damaged, and,

5. directing defendant to pay Plaintiff the costs of this action, and such other and

further relief to which Plaintiff is entitled.

Dated: _August 23_____, 2007

_Linda Casoria-Scott_

Robert Scott                    Linda Casoria-Scott

## Jurat

Sworn to and subscribed before me, a Notary Public in the State of Alabama, this
_23rd_ day of August, 2007.

_Titilaya Finney_
Notary Public

My Commission expires: _____    NOTARY PUBLIC STATE OF ALABAMA AT LARGE
                                  MY COMMISSION EXPIRES: NOVEMBER 6, 2010

TITILAYA FINNEY
NOTARY
PUBLIC
ALABAMA STATE AT LARGE

# AFFIDAVIT

Affiants, Robert Scott and Linda Casoria-Scott, are of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiants' own personal knowledge:

1.    It is not now, nor has it ever been, affiants' intent to avoid paying any tax that affiant is legally liable to pay or that affiants lawfully owes.

2.    Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiants allegedly owe;

3.    Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiants allegedly owe within the time and mode set forth by the secretary;

4.    Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiants allegedly owe;

5.    Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiants copies of records of assessment upon affiants' request;

6.    Affiants are not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.    Affiants are not in possession of any document which verifies that affiants owe a "tax" to the United States Treasury.

8.    Affiants are not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.    Affiants are not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10.   Affiants are not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiants have received from defendant's agency.

11.   Affiants have diligently and repeatedly sought to remedy this situation with the IRS.

12. The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable settlement.

13. Affiants have commenced this action within two (2) years after the date on which the right of this action accrued.

14 Affiants believe there is no possible way that the United States can answer any of the claims made in this pleading.

Dated: August _____23_____, 2007

Robert Scott                              Linda Casoria-Scott

## Jurat

Sworn to and subscribed before me, a Notary Public in the State of Alabama, this 23rd day of August 2007.

Notary Public

My Commission expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: NOVEMBER 6, 2010



**INTERNAL REVENUE SERVICE**                    **DEPARTMENT OF THE TREASURY**

IRS-ACS/CDP  Attn: CDP
P.O. Box 219236 Stop 5027
Kansas City, MO  64121-9236                      Date:  Feb 25, 2004

                                                 Telephone Number:  1-800-829-7650
                                                 Taxpayer Identification Number: 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

                                                 Form: Civil Penalty
                                                 Tax Period(s):  Dec 31, 2002

 ROBERT SCOTT

 1796 AUGUSTA DR. W.

 MOBILE, AL  36695-9268961

Dear Sir/Madam:

In reply to your inquiry of _____ Jan 4, 2004 _____ about your tax account, please see box(es) checked below.

[✓]  1. Form 12153 is being returned to you because you must have received a Notice of Federal Tax Lien Filing or a Final Notice of
       Intent to Levy and Notice of Your Right to a Hearing to be eligible for a Collection Due Process Hearing under IRC 6320 or IRC
       6330.  You  may be eligible for appeal rights under the Collection Appeal Program (CAP).  Please review pages 3 and 4 of the
       enclosed Publication 1660, Collection Appeal Rights.

[ ]   2. Form 12153 is being returned to you because it has not been signed.  Please sign and return this form in the envelope provided. If
       we do not receive the signed form by _____, we will proceed with collection action.

[ ]   3. If you do not contact us to resolve your account or return Form 12153 by _____, the law allows us to
       take further action.  This could include seizing your wages, other income or property, through the issuance of levies and/or federal
       tax liens without further notice.

[ ]   4. Other

                                                                                      07 1529

If you have any questions or need additional information, please call the number listed above and any representative will be able to assist
you.  You may call between the hours of 8:00 a.m. and 8:00 p.m., Central Time, Monday through Friday.

If you decide to write to us, please give us your telephone number, including the area code and the hours we can reach you.

Work Telephone Number:  (    )_____   Hours_____        **FILED**

Home Telephone Number:  (    )_____   Hours_____        AUG 2 7 2007

                                      Sincerely,                                      NANCY MAYER WHITTINGTON, CLERK
                                                                                      U.S. DISTRICT COURT

                                      CDP Associate: G.S. Comer, TEC
                                      Identification Number:  09-01881

Enclosure(s):  As Stated

                                      0007PC (REV 09/2003)

                                                      **Exhibit # 1**

**Internal Revenue Service**
Appeals Office
801 Tom Martin Dr., Suite 237
Birmingham, AL  35211

Date:  October 26, 2004

ROBERT SCOTT
1796 AUGUSTA DRIVE WEST
MOBILE AL  36695

**Department of the Treasury**

**Person to Contact:**
  Jacqueline Washington
  Employee ID Number: 72-19271
  Tel:  (205)912-5440
  Fax: (205)912-5445
**Refer Reply to:**
  AP:FE:BIR:JBW
**In Re:**
  Collection Due Process - Levy
**Social Security or Employer Identification Number:**
  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
**Tax Period(s) Ended:**
  12/2002

We Received Your Request for A Collection Due Process Hearing
And We Need To Advise You On Procedures

Dear Mr. Scott:

I've received your request for a Collection Due Process (CDP) Hearing.  The items that you mention in your CDP request are items that:

1. Courts have determined are frivolous or groundless, or
2. Appeals does not consider. These are moral, religious, political, constitutional, conscientious, or similar grounds.

Examples of arguments that are considered frivolous or groundless are provided in "The Truth About Frivolous Tax Arguments" on the IRS Internet website at http://www.irs.gov/pub/irs-utl/friv_tax.pdf.  It is not a complete list of frivolous and groundless arguments.

Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above.  You may, however, have a telephone conference or discuss with us by correspondence any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

07 15?9

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise.  The Internal Revenue Manual determines whether Appeals can accept your proposal.  If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

**FILED**

**AUG 2 7 2007**

MARY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Exhibit # 2

In the meantime, I have scheduled a telephone conference for you on **November 15, 2004 @ 1:30 pm CST**. If this is not convenient for you, or if you prefer to conduct your hearing by correspondence, please contact me as soon as possible. I would be happy to consider other dates within 14 days of the scheduled conference. If I don't hear from you before the scheduled conference date, I will issue the required determination letter based on the information in the file.

Please contact me with any questions or concerns you have regarding this request or the Collection Due Process procedure itself. You'll find my telephone number listed above.

Sincerely,

Jacqueline Washington
Settlement Officer

Enclosures:
  Orientation to the Appeals Process



# DEPARTMENT OF THE TREASURY
## FINANCIAL MANAGEMENT SERVICE
### P.O. BOX 1686
### BIRMINGHAM, ALABAMA 35201-1686

### THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS

06/30/06

||..||..||...||..||...|.||.||...||.||.|.||.||...||...|||

SCOTT R
1796 AUGUSTA DR W
MOBILE, AL        36695-9268

Dear  SCOTT R:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe. The government agency (or agencies) collecting your debt is listed below.

Internal Revenue Service
Federal Payment Levy Program
Stop 5050,  Annex 5
PO Box 219236
Kansas City, MO 64121-9236
**800-829-7650**
PURPOSE: Tax Levy

TIN Num: 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
TOP Trace Num: N33825709
Acct Num: 015348759255200212
Amount This Creditor:        $190.62
Creditor: 51        Site: MC

The Agency has previously sent notice to you at the last address known to the Agency. That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds. **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.** The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date. If you intend to contact the Agency,  please have this notice available.

**07 1529**

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

# FILED

AUG 2 7 2007

**PAYMENT SUMMARY**
PAYEE NAME:  SCOTT R
PAYMENT DATE: 06/30/06
TOTAL AMOUNT OF THIS REDUCTION:        $190.62
PAYING FEDERAL AGENCY:  United States Postal Service

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FOR OFFICIAL USE ONLY:      0000000601 N3382570915348759200007707570ALTR-P01SCOT000601

# Exhibit # 3



ZL0506



**DEPARTMENT OF THE TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**P.O. BOX 1686**
**BIRMINGHAM, ALABAMA 35201-1686**

**THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS**

07/14/06

Illullullullulullulullulullulullulullulullll

SCOTT R
1796 AUGUSTA DR W
MOBILE, AL       36695-9268

Dear  SCOTT R:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe.  The
government agency (or agencies) collecting your debt is listed below.

| | |
|---|---|
| Internal Revenue Service | TIN Num: 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 |
| Federal Payment Levy Program | TOP Trace Num: N33887531 |
| Stop 5050, Annex 5 | Acct Num: 015348759255200212 |
| PO Box 219236 | Amount This Creditor:  .    $172.64 |
| Kansas City, MO  64121-9236 | Creditor: 51     Site: MC |
| **800-829-7650** | |
| PURPOSE: Tax Levy | |

The Agency has previously sent notice to you at the last address known to the Agency.  That notice
explained the amount and type of debt you owe, the rights available to you, and that the Agency intended
to collect the debt by intercepting any Federal payments made to you, including tax refunds.  **If you
believe your payment was reduced in error or if you have questions about this debt, you must
contact the Agency at the address and telephone number shown above.**  The U. S. Department of
the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt
balance; however, the Agency may not receive the funds for several weeks after the payment date.  If you
intend to contact the Agency,  please have this notice available.

U. S. Department of the Treasury
Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

**07 1529**

# FILED

AUG 2 7 2007

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PAYMENT SUMMARY**
PAYEE NAME:  SCOTT R
PAYMENT DATE: 07/14/06
TOTAL AMOUNT OF THIS REDUCTION:     $172.64
PAYING FEDERAL AGENCY:  United States Postal Service

# Exhibit # 4

FOR OFFICIAL USE ONLY:    0000000570 N33887531153487592000078371 81ALTR-P01SCOT000570

ZL0506



**DEPARTMENT OF THE TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**P.O. BOX 1686**
**BIRMINGHAM, ALABAMA 35201-1686**

**THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS**

06/16/06

SCOTT R
1796 AUGUSTA DR W
MOBILE, AL      36695-9268

Dear  SCOTT R:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe.  The government agency (or agencies) collecting your debt is listed below.

Internal Revenue Service
Federal Payment Levy Program
Stop 5050, Annex 5
PO Box 219236
Kansas City, MO 64121-9236
**800-829-7650**
PURPOSE: Tax Levy

TIN Num: 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
TOP Trace Num: N33554579
Acct Num: 015348759255200212
Amount This Creditor:      $225.14
Creditor: 51      Site: MC

The Agency has previously sent notice to you at the last address known to the Agency.  That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds.  **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.**  The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date.  If you intend to contact the Agency,  please have this notice available.

**FILED**

**AUG 2 7 2007**

Jeffrey Schramek
Department of the Treasury, Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**07 1529**

**PAYMENT SUMMARY**
PAYEE NAME:  SCOTT R
PAYMENT DATE: 06/16/06
TOTAL AMOUNT OF THIS REDUCTION:      $225.14
PAYING FEDERAL AGENCY:  United States Postal Service

FOR OFFICIAL USE ONLY:    0000000607 N33554579153487592000008087260ALTR-P01SCOT000607      **Exhibit # 5**



ZL0604



**DEPARTMENT OF THE TREASURY**
**FINANCIAL MANAGEMENT SERVICE**
**P.O. BOX 1686**
**BIRMINGHAM, ALABAMA 35201-1686**

**THIS IS NOT A BILL - PLEASE RETAIN FOR YOUR RECORDS**

06/02/06

ΙιιΙΙιιΙΙιιιΙΙιιΙΙιιΙΙιΙΙιιιιΙΙιΙΙιΙιιΙΙιιΙΙιιιιΙΙΙ

SCOTT R
1796 AUGUSTA DR W
MOBILE, AL        36695-9268

Dear  SCOTT R:

As authorized by Federal law, we applied all or part of your Federal payment to a debt you owe.  The government agency (or agencies) collecting your debt is listed below.

| | |
|---|---|
| Internal Revenue Service | TIN Num: 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 |
| Federal Payment Levy Program | TOP Trace Num: N33470976 |
| Stop 5050,  Annex 5 | Acct Num: 015348759255200212 |
| PO Box 219236 | Amount This Creditor:        $221.78 |
| Kansas City, MO  64121-9236 | Creditor: 51     Site: MC |
| **800-829-7650** | |
| PURPOSE: Tax Levy | |

The Agency has previously sent notice to you at the last address known to the Agency.  That notice explained the amount and type of debt you owe, the rights available to you, and that the Agency intended to collect the debt by intercepting any Federal payments made to you, including tax refunds.  **If you believe your payment was reduced in error or if you have questions about this debt, you must contact the Agency at the address and telephone number shown above.**  The U. S. Department of the Treasury's Financial Management Service cannot resolve issues regarding debts with other agencies.

We will forward the money taken from your Federal payment to the Agency to be applied to your debt balance; however, the Agency may not receive the funds for several weeks after the payment date.  If you intend to contact the Agency,  please have this notice available.

*Jeffrey Schramek*

Jeffrey Schramek
Department of the Treasury, Financial Management Service
(800) 304-3107
Telecommunications Device for the Deaf (TDD) (866) 297-0517

07 1529

**FILED**

AUG 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PAYMENT SUMMARY**
PAYEE NAME:  SCOTT R
PAYMENT DATE: 06/02/06
TOTAL AMOUNT OF THIS REDUCTION:        $221.78
PAYING FEDERAL AGENCY:  United States Postal Service

FOR OFFICIAL USE ONLY:    0000000635 N33470976153487592000008347583ALTR-P01SCOT000635

# Exhibit # 6



ZL0604

DEPARTMENT OF THE TREASURY
Internal Revenue Service
Fresno Customer Service Center
Questionable W-4 Program
P.O. Box 24015, Mail Stop 813
Fresno, CA 93776

Letter: 2801(CG)
Date: 05/09/2003
Social Security Number: 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
Form W-4 Dated: 01/26/2002
Form W-4 Claimed: Exempt
Employer: ACCOUNTING SERVICE CENTER
                USPS

ROBERT SCOTT
105 BONNIE AVE
TRENTON, NJ  08629-1102

Dear ROBERT SCOTT:

Based on our information, we determined that your Form W-4, Employee's
Withholding Allowance Certificate, does not meet the requirements of the
Internal Revenue Code and related Employment Tax Regulations. We have,
therefore, directed your employer to disregard your Form W-4 and withhold
as if you were claiming the following:

                    Marital Status:        Single
                    Allowances:            0

This will increase the amount of federal income tax your employer withholds
from your paycheck. Your employer will honor a new Form W-4 that you file
requesting a change in withholding, only if it asks for additional tax
withholding.

If you want us to reconsider our determination, please complete the enclosed
Form W-4, including the worksheet on the back, and return it to us within 30
days of the date of this letter. If you are claiming exemption from
withholding, also complete the enclosed Form 6450, Questionnaire to Determine
Exemption from Withholding, and return it with the W-4 worksheet.

The law requires the IRS to charge a $500 civil penalty for making a false
statement about withholding. We will charge you the $500 penalty unless you
provide a reasonable basis for the statements on your Form W-4 within 30 days
from the date of this letter.

You also have the option to appeal our determination within 30 days from the
date of this letter. Enclosed is Publication 5, "Your Appeal Rights and How
to Prepare a Protest If You Don't Agree", explaining the appeal rights you
have concerning the determination.

**07 1529**

I am available to assist you weekdays between 7 a.m. and 4:30 p.m. Pacific time
at 1-559-443-5124 (not a toll-free number).

                                 Sincerely,
                                 /s/JULIE SAMPIERE        **FILED**
Enclosures:                      Tax Examiner
    Form W-4                      ID# 8907648             AUG 2 7 2007
    Form 6450
    Notice 853, Form W-4 Privacy Act Notification        NANCY MAYER WHITTINGTON, CLERK
    Publication 1, Your Rights as a Taxpayer             U.S. DISTRICT COURT
    Publication 5
    Envelope

                                 Letter 2801(CG)(Rev.09-99)
                                 **Exhibit # 7**

JUL 30 2004 14:03
JAN. 7, 2004   1:45PM

DEPARTMENT OF THE TREASURY
Internal Revenue Service

Fresno Customer Service Center
Questionable W-4 Program
P.O. Box 24015, Mail Stop 813
Fresno, CA 93776

Date of This Letter: 05/09/2003
Social Security Number: 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
Form W-4 Dated: 01/26/2002
Form W-4 Claimed: Exempt
Employee:
ROBERT SCOTT

ACCOUNTING SERVICE CENTER
USPS
2825 LONE OAK PKWY
EAGAN, MN 55121-9611

Dear ACCOUNTING SERVICE CENTER:

We have reviewed the additional information about Form W-4, Employee's
Withholding Allowance Certificate, that your employee sent us.  Based
on this information, we have determined that your employee's Form W-4 does
not meet the requirements of the Internal Revenue Code and related
Employment Tax Regulations.  Therefore, you should disregard the Form W-4
and withhold tax as if the employee were claiming the following:

          Filing Status:          Single
          Allowances:             0

If your employee gives you a new Form W-4 claiming no more than the number
of allowances shown above, you should honor it.  Do not honor any other
Form W-4 from the employee claiming more than this number of allowances
or exemption from withholding unless you hear from us.

Please be aware that employers who do not deduct or withhold the proper
amount of tax from their employees may be required to pay the tax
themselves.

If you have any questions, please call JULIE SAMPIERE
Tax Examiner, ID05907648, weekdays between 7:00 a.m. and 4:30 p.m.
Pacific time at 1-559-443-8124.  Thank you for your cooperation.

                              Sincerely,
                              /s/ Stephen P. Werner
                              Stephen P. Werner
                              Operation Manager Collection
                              Number Of This Letter: 2800(CG)(8/96)

OPTIONAL FORM 99 (7-90)

## FAX TRANSMITTAL  # of pages ▶ 2

To Dennis Carroll  From Scott Cimberlord

Dept./Agency  Phone (651) 406-1436

Fax # (202) 268-2605  Fax #

NSN 7540-01-317-7368  5099-101  GENERAL SERVICES ADMINISTRATION

07 1529

FILED

AUG 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Exhibit # 8

Mar-10-04 04:27A human resources                    205 521 0471              P.01

MANAGER, PERSONNEL SERVICES
ALABAMA DISTRICT
**UNITED STATES**
**POSTAL SERVICE**

March 3, 2004

Mr. Robert Scott
1796 Augusta Drive West
Mobile, Alabama 36695

Dear Mr. Scott:

This is in response to your letter wherein you are indicating an inability to go into Postalease to make changes to your tax information.

My investigation indicated that not only were you unable to make any changes, the HR Specialist in Mobile was not able to make changes to your tax information in Postalease. After checking with our payroll center in Eagan, MN, the following information concerning your federal tax withholding status, as raised in your letter of February 2, 2004, is addressed.

The Internal Revenue Service (IRS) has entered an exemption control code regarding your federal tax withholding. This usually occurs when an employee has requested withholding exemption from IRS and the exemption is denied. This being the case, you should have received a letter from IRS notifying you of the denial. You can also contact IRS directly at 559-265-5882. This control code is the reason changes cannot be made to your federal withholding in PostalEase.

A copy of this response and the information you included in your letter entitled "Notice of Withdrawal of Authorization to Withhold" and "Constructive Notice and Demand to Cease Withholdings", is forwarded to the contact person at our payroll center designated to respond to these inquiries. Your letters will be forwarded to Steve Wagner, Senior Systems Accountant at the U. S. Postal Service Accounting Service Center, 2825 Lone Oak Parkway, Eagan MN 55121-9610. Mr. Wagner will respond to the questions raised relative to the documents you attached.

I hope this information is beneficial to you.

Sincerely,

Linda Wright
Manager, Personnel Services
U S Postal Service
351 24th Street North
Birmingham AL 35203-9994

cc: Steve Wagner, ASC (w/attachments)
    OPF

Fax:

07  1529

**FILED**

AUG 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# Exhibit # 9

P.O. Box 9047, Stop 834 ANSC
Andover  MA  01810-0947

In reply refer to:  0866002911
Jan. 24, 2007  LTR 2800C    0
54-0845694   000000  00 000
                              00000291
BODC: LM


S & K FAMOUS BRANDS  INC
 11100 W BROAD ST
PO BOX 31800
RICHMOND  VA  23294-1800001

JAN 3 1 2007

00027

#05419
@ 075

                Employer Identification Number: 54-0845694
                            Employee:  LINDA A CASORIA
                Social Security Number: 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

Dear S & K FAMOUS BRANDS INC:

WHY ARE WE WRITING TO YOU?

Our records show that your employee, named above, is not entitled to
claim a complete exemption from withholding or more than a specified
number of withholding allowances.

WHAT ACTIONS DO YOU NEED TO TAKE?

Please disregard the information on this employee's Form W-4,
Employee's Withholding Allowance Certificate, and withhold income tax
based on the following marital status and withholding allowances:

                Marital Status: SINGLE
                Withholding Allowances:  00

Do not honor any new Form W-4 from your employee that results in less
income tax withholding than at the status and allowances shown above.
However, if the status and allowances claimed on the employee's
current Form W-4 or a new Form W-4 will result in MORE income tax
withholding than at the status and allowances shown above, you must
honor it.

07 1529

Please give the attached Employee's Copy of this letter to the
employee named above within ten business days from the date of this
letter.  To notify us that an employee is no longer employed with
your company, we require a signed letter on the company letterhead,
which should include the employee's name, social security number
and the date employment ended.  Please mail or fax the letter to the
address/number shown below.

FILED

WHEN DO YOU ADJUST YOUR EMPLOYEE'S WITHHOLDING?

AUG 2 7 2007

    **  FIRST PAY PERIOD ENDING ON OR AFTER Mar. 20, 2007    NANCY MAYER WHITTINGTON, CLERK
                                                              U.S. DISTRICT COURT

done PP 04

For Internal Use Only 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

Exhibit #10

```
                                          0866002911
                        Jan. 24, 2007  LTR 2800C   0
                        54-0845694    000000 00 000
                                           00000292
```

```
S & K FAMOUS BRANDS INC
 11100 W BROAD ST
PO BOX 31800
RICHMOND  VA  23294-1800001
```

You must begin withholding income tax at the marital status and
specified number of withholding allowances shown above starting with
the first pay period ending on or after 60 days from the date of this
letter, AND NOT BEFORE.  This time period will provide your employee
with an opportunity to dispute our determination before you adjust
the employee's withholding.

HOW DOES THE LAW SUPPORT THESE ACTIONS?

Internal Revenue Code (IRC) Section 3402 requires employers to
withhold federal income tax.  Under section 31.3402(f)(2)-1T(g)(2)
of the Temporary Employment Tax Regulations, we may issue this letter
to notify you that your employee is not entitled to claim a complete
exemption from withholding or claim more than the maximum number of
withholding allowances shown above.

Under IRC Section 3403 every employer required to withhold federal
income tax is liable for the payment of such tax.  If you do not
withhold federal income tax from your employee as instructed in this
letter, you will be liable for paying the additional tax that should
have been withheld.

IRC Section 3403 also states that the employer shall not be liable
to any person for the amount of any such payment.  Thus, your
employee does not have a "cause of action" (basis for legal action)
against you to recover the amount of income tax withheld and/or
prevent you from withholding the amount directed by IRS.

WHAT IF YOU HAVE MORE QUESTIONS?

If you have any questions, you may call the Withholding Compliance
Unit, weekdays between the hours of 8:00 a.m. and 8:00 p.m. at
1-866-791-0289.

If you prefer, you may write to us at the address shown below:

```
    Internal Revenue Service
    Compliance Services
    Withholding Compliance Program
    P.O. Box 9047, Stop 837
    Andover, MA 01810-0947
```

```
                    For Internal Use Only 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
```

0866002911
Jan. 24, 2007   LTR 2800C     0
54-0845694    000000 00 000
00000293

S & K FAMOUS BRANDS INC
 11100 W BROAD ST
PO BOX 31800
RICHMOND  VA  23294-1800001

0027

You may also send us the information by fax instead of mail.  Our
fax number is 978-474-1326.  Please include a cover sheet giving the
following information:
Date:
Name:
Phone number:
Your Taxpayer Identification Number:
Social Security Number of your employee:
Number of faxed pages:

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach
you.  Keep a copy of this letter for your records.

Telephone Number (    )_____     Hours_____

                         Sincerely yours,

                    *Maureen A. Judge*

                    Maureen A. Judge
                    Operations Manager, Collection
                     For Internal Use Only 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

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** of AMERICA |
|---|---|
| Robert Scott<br>Linda Casoria-Scott<br><br>99888 | United States ~~Government~~ |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert Scott
1796 Augusta Drive West
Mobile, Alabama
36695    (251) 639-0807

Case: 1:07-cv-01529
Assigned To : Huvelle, Ellen S.
Assign. Date : 8/27/2007
Description: Pro Se Gen. Civil

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

[ ] 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

[ ] 310 Airplane
[ ] 315 Airplane Product Liability
[ ] 320 Assault, Libel & Slander
[ ] 330 Federal Employers Liability
[ ] 340 Marine
[ ] 345 Marine Product Liability
[ ] 350 Motor Vehicle
[ ] 355 Motor Vehicle Product Liability
[ ] 360 Other Personal Injury
[ ] 362 Medical Malpractice
[ ] 365 Product Liability
[ ] 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

[ ] 151 Medicare Act

**Social Security:**
[ ] 861 HIA ((1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g)
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g)
**Other Statutes**
[ ] 891 Agricultural Acts
[ ] 892 Economic Stabilization Act
[ ] 893 Environmental Matters
[ ] 894 Energy Allocation Act
[ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ◉ **F.** *Pro Se General Civil*

**Real Property**
[ ] 210 Land Condemnation
[ ] 220 Foreclosure
[ ] 230 Rent, Lease & Ejectment
[ ] 240 Torts to Land
[ ] 245 Tort Product Liability
[ ] 290 All Other Real Property

**Personal Property**
[ ] 370 Other Fraud
[ ] 371 Truth in Lending
[ ] 380 Other Personal Property Damage
[ ] 385 Property Damage Product Liability

**Bankruptcy**
[ ] 422 Appeal 28 USC 158
[ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
[ ] 535 Death Penalty
[ ] 540 Mandamus & Other
[ ] 550 Civil Rights
[ ] 555 Prison Condition

**Property Rights**
[ ] 820 Copyrights
[ ] 830 Patent
[ ] 840 Trademark

**Federal Tax Suits**
[ ] 870 Taxes (US plaintiff or defendant
[ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
[ ] 610 Agriculture
[ ] 620 Other Food &Drug
[ ] 625 Drug Related Seizure of Property 21 USC 881
[ ] 630 Liquor Laws
[ ] 640 RR & Truck
[ ] 650 Airline Regs
[ ] 660 Occupational Safety/Health
[ ] 690 Other

**Other Statutes**
[ ] 400 State Reapportionment
[ ] 430 Banks & Banking
[ ] 450 Commerce/ICC Rates/etc.
[ ] 460 Deportation

[ ] 470 Racketeer Influenced & Corrupt Organizations
[ ] 480 Consumer Credit
[ ] 490 Cable/Satellite TV
[ ] 810 Selective Service
[ ] 850 Securities/Commodities/ Exchange
[ ] 875 Customer Challenge 12 USC 3410
[ ] 900 Appeal of fee determination under equal access to Justice
[ ] 950 Constitutionality of State Statutes
[X] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ⊡ **530 Habeas Corpus-General** ⊡ **510 Motion/Vacate Sentence** | ⊡ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ⊡ **895 Freedom of Information Act** ⊡ **890 Other Statutory Actions (if Privacy Act)** *(if pro se, select this deck)* | ⊡ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ⊡ **710 Fair Labor Standards Act** ⊡ **720 Labor/Mgmt. Relations** ⊡ **730 Labor/Mgmt. Reporting & Disclosure Act** ⊡ **740 Labor Railway Act** ⊡ **790 Other Labor Litigation** ⊡ **791 Empl. Ret. Inc. Security Act** | ⊡ **441 Voting (if not Voting Rights Act)** ⊡ **443 Housing/Accommodations** ⊡ **444 Welfare** ⊡ **440 Other Civil Rights** ⊡ **445 American w/Disabilities-Employment** ⊡ **446 Americans w/Disabilities-Other** | ⊡ **110 Insurance** ⊡ **120 Marine** ⊡ **130 Miller Act** ⊡ **140 Negotiable Instrument** ⊡ **150 Recovery of Overpayment & Enforcement of Judgment** ⊡ **153 Recovery of Overpayment of Veteran's Benefits** ⊡ **160 Stockholder's Suits** ⊡ **190 Other Contracts** ⊡ **195 Contract Product Liability** ⊡ **196 Franchise** | ⊡ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Verified claim for damages pursuant to 26 USC 7433

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** 394,124.73  Check YES only if demanded in complaint  **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 8/23/07  SIGNATURE OF ATTORNEY OF RECORD  *Robert Scott Linda Carrie Scott*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Nancy Mayer Whittington, Clerk
US District Court, District of Columbia

AUG 27 2007

Received
Mail Room