UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT SCOTT**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-01529 (ESH) |
| **UNITED STATES**, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Robert Scott and Linda Casoria-Scott ("the Scotts") have filed a *pro se* complaint alleging errors by the Internal Revenue Service and seeking damages under 26 U.S.C. § 7433. Upon review of the complaint, it is apparent that the claims alleged therein are substantially similar to the claims raised by "dozens of individuals across the nation who have submitted (in a *pro se* capacity) boilerplate filings to this Court." *Jaeger v. United States*, No. 06-625, 2006 WL 1518938, at *1 (D.D.C. May 26, 2006). These cases are routinely dismissed owing to the plaintiffs' failure to exhaust administrative remedies. *Id.*

It is now well established that the exhaustion requirement of § 7433 is "technically nonjurisdictional," and that dismissals for failure to exhaust should be entered pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jaeger*, 2006 WL 1518938, at *1. Nevertheless, as the Honorable John D. Bates has explained:

> "Neither the Federal Rules of Civil Procedure nor any federal statute expressly prohibits sua sponte dismissals for failure to state a claim," nor does any decision of the Supreme Court render this an improper course of action. Where . . . [a] failure to state a claim is patent, "it is practical and fully consistent with plaintiffs' rights and

the efficient use of judicial resources" for the Court to dismiss the action *sua sponte*. *Id.* (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 & n.2 (D.C. Cir. 1990)).

Here, because the Scotts have failed to allege that they exhausted their administrative remedies, it is clear from the face of their complaint that they have failed to state a claim on which relief can be granted. *See, e.g.*, *Stockwell v. United States*, 450 F. Supp. 2d 93, 95 (D.D.C. 2006) ("The Court finds that by failing to exhaust their administrative remedies as required by Section 7433, plaintiffs have not stated a claim upon which relief can be granted."). Moreover, since the Scotts' previous § 7433 suit was dismissed for failure to comply with the statutorily mandated exhaustion requirement, they cannot plausibly claim ignorance of that requirement or of their present complaint's patent deficiency.[1] *See Scott v. United States*, 416 F. Supp. 2d 116, 119 (D.D.C. 2006). Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice pursuant to Rule 12(b)(6).

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   August 31, 2007

---

[1] Any claim of ignorance would be further undermined by the fact that this Court has *twice* refused to reconsider the dismissal of the Scotts' previous suit. *See Scott v. United States*, No. 05-02043, Order (D.D.C. May 9, 2007); *Scott v. United States*, No. 05-02043, 2007 WL 1792293, at *1 (D.D.C. Apr. 13, 2007).