**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ROBERT SCOTT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1529 (ESH) |
| | ) | |
| **UNITED STATES, et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiffs Robert Scott and Linda Casoria-Scott have filed an amended *pro se* complaint alleging in twenty-seven "counts" that the Internal Revenue Service ("IRS") has unlawfully required plaintiffs to file tax returns and has disregarded provisions of the Internal Revenue Code and its regulations in the course of pursuing collection activities against plaintiffs, all in violation of the United States Constitution and 26 U.S.C. § 7433. Plaintiffs seek monetary damages as their only remedy. Plaintiffs' tax protests also formed the basis for an earlier case brought by plaintiffs, which was dismissed by this Court. *See Scott v. United States* ("*Scott I*"), 416 F. Supp. 2d 116, 118-19 (D.D.C.) (Huvelle, J.), *reconsid. denied*, No. 05-CV-2043, 2006 WL 1274763 (D.D.C. May 8, 2006), *motion for relief from judgment denied*, No. 05-CV-2043, 2007 WL 1792293 (D.D.C. Apr. 13, 2007). The instant complaint consists of boilerplate recitations similar to those employed in *Scott I* and the myriad of other tax protest suits filed in this Court, and is essentially identical to the complaint dismissed by Judge Bates in *Marsoun v. United States*, 591 F. Supp. 2d 41 (D.D.C. 2008). The government has filed a motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim

1

upon which relief can be granted. For the reasons set forth below, the government's motion will be granted.

## BACKGROUND

Plaintiffs are residents of Alabama. (*See* Am. Compl. at 1, 3.[1]) In 2005, they filed a boilerplate complaint in *Scott I*, wherein they alleged that the government had disregarded various provisions of the Internal Revenue Code ("Code") relating to the assessment, recording, collection and levy of taxes owed by plaintiffs from 2001 onward. *See* Compl. ¶ 7, *Scott I*, No. 05-CV-2043 (D.D.C. filed Oct. 14, 2006). The Court dismissed that action because plaintiffs had failed to administratively exhaust their claims in accordance with the procedures established by 26 C.F.R. § 301.7433-1, as required by 26 U.S.C. § 7433(d)(1). *See Scott I*, 416 F. Supp. at 118-19; *see also Marsoun*, 591 F. Supp. at 42-43 (discussing exhaustion requirements). The Court reasoned that plaintiffs' failure to exhaust deprived the Court of subject matter jurisdiction over their claims. *Scott I*, 416 F. Supp. at 119. Subsequently, this Court concluded in *Wesselman v. United States* ("*Wesselman I*") that "it is now clear that, although exhaustion is not a *jurisdictional* requirement, failure to exhaust is nevertheless fatal under Federal Rule of Civil Procedure 12(b)(6)." 498 F. Supp. 2d 326, 328 (D.D.C. 2007) (Huvelle, J.) (citing *Ross v. United States*, 460 F. Supp. 2d 139, 145-47 (D.D.C. 2006) (Bates, J.); *Lindsey v. United States*, 448 F. Supp. 2d 37, 61 (D.D.C. 2006) (Walton, J.)) (emphasis in original).[2]

Shortly after *Wesselman I*, plaintiffs initiated this second action on August 27, 2007. Their initial complaint named the United States as defendant and stated that this was "an action for damages" pursuant to 26 U.S.C. § 7433, based on the IRS's alleged disregard of "certain

---

[1] The Court cites to plaintiffs' complaints in this action by page number, because they do not employ sequentially numbered paragraphs.

[2] The Court dismissed plaintiff's § 7433 claims in *Wesselman I* for failure to allege exhaustion. 498 F. Supp. 2d at 327-28.

sections of the IRS Code while engaged in collection activity regarding [p]laintiffs." (Original Compl. [Dkt. # 1] at 1 & n.1.) Plaintiffs supported the initial complaint with exhibits showing that the collection activity at issue overlapped, at least in time, with the activity at issue in *Scott I*. (*See id.*, Exs. 1-2 (addressing tax year 2002).) Consistent with *Wesselman I*, the Court dismissed plaintiffs' complaint *sua sponte* on August 31, 2007, because plaintiffs had again "failed to allege that they exhausted their administrative remedies," thus making it "clear from the face of their complaint that they have failed to state a claim on which relief can be granted." *Scott v. United States* ("*Scott II*"), No. 07-CV-1529, 2007 WL 2506446, at *1 (D.D.C. Aug. 31, 2007).

Plaintiffs appealed that dismissal [Dkt. # 4], but because defendant had not yet been served, the D.C. Circuit considered the appeal without any appearance by the government. (Mem. in Supp. of United States' Mot. to Dismiss Am. Compl. ["Mot."] at 1.) On April 25, 2008, in an unpublished disposition [*see* Dkt. # 5], the D.C. Circuit remanded for reconsideration in light of the Supreme Court's decision in *Jones v. Bock*, 529 U.S. 199 (2007). *See Scott v. United States*, 275 F. App'x 21, 2008 WL 1885481, at *1 (D.C. Cir. 2008) (per curiam). The Court of Appeals noted reasoned that *Jones v. Bock* "consider[ed] a provision similar to the one at issue here" and concluded that "'failure to exhaust is an affirmative defense,'" such that "litigants 'are not required to specially plead or demonstrate exhaustion in their complaints.'" *Id.* (quoting 529 U.S. at 921). The government then entered an appearance before the Court of Appeals and sought rehearing on the grounds that *Jones* was inapplicable because exhaustion was a jurisdictional prerequisite to an action under § 7433. (Mot. at 1.) On July 30, the D.C. Circuit denied rehearing in a one-page order but clarified that its earlier order "merely remanded for reconsideration in light of *Jones v. Bock*, without addressing whether exhaustion under 26

3

U.S.C. § 7433(d)(1) is jurisdictional or not," and that "the United States may enter an appearance and present its arguments on that issue to the district court on remand." Order at 1, *Scott v. United States*, No. 07-5310 (D.C. Cir. July 30, 2008) (per curiam) (citation omitted).

After plaintiffs served the government [*see* Dkt. # 8], the government filed a motion to dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim. [Dkt. # 10.] Plaintiffs then filed a 27-count amended complaint on January 12, 2009. [Dkt. # 13.] Counts 1 through 18 are based on a cause of action for alleged violations of plaintiffs' constitutional right to due process pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] (*See id.* at 9-22.) Counts 19 through 27 are based on a cause of action for alleged violations or unlawful disregard of the Internal Revenue Code, pursuant to 26 U.S.C. § 7433.[4] (*See id.* at 22-26.) Specifically, the counts appear to allege that the IRS violated or disregarded:

- 26 U.S.C. § 6001 and 26 C.F.R. § 1.6001-1, by failing to notify plaintiffs of their obligation to file tax returns (Counts 1 and 2);

- 26 U.S.C. § 6020 and 26 C.F.R. § 301.6020-1, by failing to prepare or "subscribe" any substitute tax returns in plaintiffs' names (Counts 3 through 6);

- 26 U.S.C. § 6103 and 26 C.F.R. § 301.6103(c)-1, by failing to disclose to plaintiffs, upon their request, any tax returns or substitute tax returns bearing plaintiffs' names (Counts 7 and 8);

- 26 U.S.C. § 6109 and 26 C.F.R. § 301.6109-1, by improperly requiring that plaintiffs obtain and provide Social Security numbers (Counts 9 and 10);

---

[3] In addition to naming the United States as defendant, the amended complaint added a number of individual IRS officials and employees as defendants solely for purposes of the *Bivens* claims. (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4 & n.3.)

[4] Plaintiffs also ask the Court to conduct judicial review of the IRS actions under the Administrative Procedure Act, the Federal Records Act, and the National Archives Act, but emphasize that their claim for damages is not based on those statutes. (*See* Am. Compl. at 3-5 & nn.3-4.) "Of course, damages are not available under those statutes." *Marsoun*, 591 F. Supp. 2d at 43 n.1 (citing *Ross*, 460 F. Supp. 2d at 148-50).

- 26 U.S.C. §§ 6201-6202 and 27 C.F.R. § 70.1 *et seq.*, by failing to correctly or permissibly assess the taxes owed by plaintiffs (Counts 11 through 13);

- 26 U.S.C. §§ 6202-6203 and 26 C.F.R. § 301.6203-1, by failing to properly record those tax assessments and to provide plaintiffs with copies upon request (Counts 14 through 17);

- 26 U.S.C. § 6211, by failing to promulgate regulations regarding the determination of tax deficiencies (Count 18);

- 26 U.S.C. § 6301, by failing to develop procedures and processes for supervisory review of decisions to issue liens and levies or to seize property (Count 19);

- 26 U.S.C. § 6303, by failing to give notice of the amount of unpaid taxes owed and the need for payment (Count 20);

- 26 U.S.C. § 6304, by harassing plaintiffs in connection with collection activities (Count 21);

- 26 U.S.C. §§ 6320 and 6330, by failing to give plaintiffs an opportunity to contest tax liability in response to a lien or levy (Count 22);

- 26 U.S.C. § 6321, by failing to give plaintiffs a formal demand for payment or proper notice before asserting liens for failing to pay (Count 23);

- 26 U.S.C. § 6751, by failing to verify supervisory approval of initial penalty determinations (Count 24);

- 26 U.S.C. § 6322, by asserting liens for which no assessment was made in accordance with 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1 (Count 25);

- 26 U.S.C. § 6323, by failing to certify notices of lien as required by Alabama state law as a condition of filing (Count 26); and

- 26 U.S.C. § 7213, by unlawfully disclosing plaintiffs' tax return information by filing notices of liens in amounts for which no records of assessment exist (Count 27).

(Am. Compl. at 9-26.) Plaintiffs subsequently withdrew Count 22 in light of a congressional amendment to 26 U.S.C. § 6330(d) that gives the Tax Court exclusive jurisdiction over such claims. (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 14; *see also* Mot. at 20.)

Although the amended complaint recites a hodgepodge of statutes, regulations, and publications, it contains few facts specific to this action beyond plaintiffs' names, their state of

5

residence, and the names of various IRS officials and employees. Instead, plaintiffs concurrently filed a separate "Statement of Facts" under oath that summarizes their lengthy correspondence with the IRS for the tax years at issue. (*See generally* Statement of Facts ["SOF"] [Dkt. # 12].)[5] The government responded with the instant motion. [Dkt. # 15.]

## ANALYSIS

### I. STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Marsoun*, 591 F. Supp. 2d at 43 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted). Nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel.").

Under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, "a plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction." *Martens v. United States*, No. 05-CV-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007). In deciding a motion to

---

[5] This litigation appears to be premised upon plaintiffs' belief that income tax payments are "voluntary" and that the government's imposition of penalties for non-payment is "illegal." (*See* SOF ¶¶ 7, 16.)

6

dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). Although a plaintiff need not provide "detailed factual allegations," it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief . . . .'" *Martens*, 2007 WL 2007580, at *1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original; internal quotation marks omitted)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, "[t]he facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 555 U.S. at 555). "The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Id.* (citing *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).

## II.    THE PARTIES' DISPUTE REGARDING EXHAUSTION UNDER § 7433

After the D.C. Circuit remanded for reconsideration, plaintiffs amended their complaint and filed a Statement of Facts under oath, wherein they contend that they administratively exhausted their claims. (*See* SOF ¶ 48.) That allegation renders it unnecessary for the Court to consider whether claims under 26 U.S.C. § 7433 may be dismissed for failing to allege exhaustion or to revisit its prior conclusion in *Wesselman I* that a failure to exhaust under § 7433 is not jurisdictional. *See Marsoun*, 591 F. Supp. 2d at 44 (explaining non-jurisdictional nature of failure to exhaust).[6] Therefore, although the government contends that plaintiffs did not properly

---

[6] The Court must emphasize that the D.C. Circuit's unpublished remand order, *see* 275 F. App'x 21, *does not establish* that the Court of Appeals has taken a position on whether exhaustion under § 7433 is jurisdictional. *Contra Marsoun*, 591 F. Supp. 2d at 46 ("Indeed, this Circuit, in an unpublished order, recently indicated that the exhaustion requirement in section

comply with the relevant exhaustion regulations because they sent their claim to the wrong IRS official (Mot. at 2-3), the Court need not decide that non-jurisdictional question. Instead, as explained below, the complaint will be dismissed on other grounds.

### III. PLAINTIFFS' *BIVENS* CLAIMS

Plaintiffs seek to establish this Court's power to award monetary damages for their claims by invoking the Court's "inherent power to effect a remedy for the Constitutional Tort of denial of Due Process of Tax Law" pursuant to *Bivens*, 403 U.S. 388. (Am. Compl. at 5.) However, plaintiffs cannot pursue a *Bivens* remedy for alleged denials of constitutional due process arising from purported violations of the Internal Revenue Code, because such a remedy is precluded by the "comprehensive statutory remedial scheme" that Congress established through the Internal Revenue Code. *Marsoun*, 591 F. Supp. 2d at 47-48 (quoting *Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008)); *accord Pragovich v. United States*, --- F.Supp.2d ---, 2009 WL 693257, at *1 (D.D.C. 2009) (Robertson, J.); *see also Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411-12 (4th Cir. 2003) (affirming dismissal of *Bivens* action for monetary damages against individual IRS agents in light of "Congress's considerable attention to the rights and remedies available to taxpayers and the Supreme Court's hesitancy in creating *Bivens* remedies in such circumstances," and citing analogous cases from other circuits). Because Counts 1 through 18 are premised upon the availability of a *Bivens* remedy, they must be dismissed under Rule 12(b)(6).

---

7433(d) is nonjurisdictional." (citing *Scott,* 275 F. App'x 21)). As the Court of Appeals explained when denying the government's petition for rehearing, the order "merely remanded for reconsideration in light of *Jones v. Bock*, without addressing whether exhaustion under 26 U.S.C. § 7433(d)(1) is jurisdictional or not," and the government was permitted to present its jurisdictional arguments to this Court on remand. Order at 1, *Scott*, No. 07-5310 (D.C. Cir. July 30, 2008) (per curiam) (citation omitted).

## IV.     PLAINTIFFS' STATUTORY CLAIMS

Plaintiffs also contend that 26 U.S.C. § 7433 permits them to recover monetary damages for their claims. As this Court has explained:

> It is a bedrock principle of American law that the United States, as sovereign, is immune from suit unless Congress has expressly waived that immunity. The United States' exemption from suit is expressed in jurisdictional terms – that is, federal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver. Waivers of sovereign immunity are strictly construed and any doubt or ambiguity is resolved in favor of immunity.

*Buaiz v. United States*, 471 F. Supp. 2d 129, 134-35 (D.D.C. 2007) (Collyer, J.) (citations omitted). While § 7433 does waive sovereign immunity, that waiver is limited to actions seeking damages "in connection with any *collection* of Federal tax with respect to a taxpayer" that involves the reckless, intentional, or negligent "disregard[]" of any provision or regulation under the Internal Revenue Code. 26 U.S.C. § 7433(a) (emphasis added). Because "[s]overeign immunity is jurisdictional in nature," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), the Court lacks jurisdiction over "'[c]laims that the IRS has incorrectly determined the amount of taxes owed' or any other claims that do not directly arise from the IRS's collection activities." *Wesselman v. United States* ("*Wesselman II*"), 501 F. Supp. 2d 98, 101 (D.D.C. 2007) (Huvelle, J.) (quoting *Buaiz*, 471 F. Supp. 2d at 136); *accord Pragovich*, 2009 WL 693257, at *1. Accordingly, the Court lacks jurisdiction over any claims that do not arise directly from collection activities conducted in "disregard" of the Internal Revenue Code.[7]

---

[7] Counts 1 through 18 would fail for this reason as well. These counts allege failures to provide notice regarding obligations to file tax returns, failures to prepare substitute tax returns, failures to disclose tax returns bearing plaintiffs names, improper requests for and uses of plaintiffs' Social Security numbers, improper assessments of taxes owed, improper recordings of those assessments, and failures to promulgate regulations and procedures. (*See* Am. Compl. at 9-22.) Because Counts 1 through 18 do not appear to allege any activities that arise directly from collection activities, they would fall outside § 7433's waiver of sovereign immunity. *Accord Marsoun*, 591 F. Supp. 2d at 47 n.2; *see also Pragovich*, 2009 WL 693257, at *1; *Wesselman II*, 501 F. Supp. 2d at 101-02 (citing *Buaiz*, 471 F. Supp. 2d at 135-36).

Count 19 alleges that the IRS "failed to develop and implement" procedures and review processes related for supervisory review and certification of decisions to issue liens and levies or to seize property. (Am. Compl. at 23.) However, "claims based on an alleged failure to promulgate regulations and procedures do not implicate § 7433's prohibition against collection activity that disregards provisions of, or regulations under, the Internal Revenue Code." *Spahr v. United States*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (Huvelle, J.) (dismissing identical count, among others); *Wesselman II*, 501 F. Supp. 2d at 102 (same). Count 19 must be dismissed under Rule 12(b)(1) for lack of jurisdiction.

The remaining counts arguably may arise from tax collection activities, giving this Court jurisdiction over them. However, they will be dismissed pursuant to Rule 12(b)(6) for failing to state claims upon which relief can be granted.

Count 26 will be dismissed because it lacks even arguable merit. *See, e.g.*, *Lewis v. Green*, 629 F. Supp. 546, 549 (D.D.C. 1986) (explaining that, even in *pro se* cases, "dismissal may be appropriate for those claims simply without arguable merit both in law and fact"). Plaintiff alleges that, "[b]y disregard of" 26 U.S.C. § 6323, IRS agents "failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Alabama." (Am. Compl. at 26.) Contrary to plaintiffs' assertion, however, the statute has no certification requirement. *See generally* 26 U.S.C. § 6323. To the extent that plaintiffs contend that certification is required by "the Uniform Federal Tax Lien Registration Act, as enacted in Alabama," this claim is meritless because "[i]t is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law." *Spahr*, 501 F. Supp. 2d at 98; *see* 26 U.S.C. § 6323(f)(3) ("The form and content of [a notice of federal tax lien] shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other

provision of law regarding the form or content of a notice of lien."); *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 293-94 (1961); *accord Tolotti v. Comm'r*, 83 T.C.M. (CCH) 1436, 2002 WL 550016, at *5 (2002) (rejecting taxpayer's claim that IRS could not "proceed with collection on the ground that the Notice of Federal Tax Lien filed with the Washoe County Recorder in Reno, Nevada, was not certified as required under [Nevada law]"), *aff'd*, 70 F. App'x 971 (9th Cir. 2003). Because the recording requirements under Alabama law cannot dictate the form or content of a notice of lien asserted under the Internal Revenue Code, Count 26 will be dismissed. *See Spahr*, 501 F. Supp. 2d at 98; *Wesselman II*, 501 F. Supp. 2d at 103 n.7.

Counts 20 and 23 are based on allegations that are flatly contradicted by the Statement of Facts accompanying the amended complaint and by the exhibits accompanying the initial complaint. The Court need not accept such allegations as true. *See Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.") Count 20 alleges that the IRS "failed to 'within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax'" (Am. Compl. at 24 (quoting § 6303(a))), and Count 23 alleges that the IRS asserted tax liens against plaintiffs without proper notice and demand. (*See id.* at 25.) Both counts are directly contradicted by the Statement of Facts and Exhibits 7 and 8 to the initial complaint, which indicate that plaintiffs received several IRS notices of potential liens, levies, and penalties – including form CP 504 on December 22, 2003, which "constitute[s] notice and demand for payment within the meaning of section 6303(a)." *Mudd v. Comm'r*, 84 T.C.M. (CCH) 196, 2002 WL 1858760, at * 4 (2002). (*See* SOF ¶ 17; *see also id.* ¶¶ 12, 27, 38; Original Compl., Exs. 7-8.) The Court "will not accept

conclusory allegations concerning the legal effect of the events the plaintiff has set out . . . if these allegations are contradicted by the description itself." *Shane v. United States*, No. 07-CV-0577, 2008 WL 101739, at *9 (D.D.C. Jan. 9, 2008) (Walton, J.) (quoting *Franklin Asaph Ltd. P'ship v. F.D.I.C.*, 794 F. Supp. 402, 404 (D.D.C. 1992)) (brackets omitted).  Counts 20 and 23 will therefore be dismissed for failure to state a claim.[8]

Finally, Counts 21, 24, 25, and 27 are "simply too conclusory to survive defendant's motion to dismiss." *Spahr*, 501 F. Supp. 2d at 97.  Like the other statutory counts, these four remaining counts recite in conclusory language that defendant, "[b]y disregard of" a cited provision of the Internal Revenue Code or its regulations and "with intent to defeat the application thereof," took action that is described solely through formulaic recitations of statutory language.  But plaintiffs must furnish more than "labels and conclusions" or "a formulaic recitation" of legal elements in order for their factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The Court will not accept plaintiffs' boilerplate legal conclusions where they "'do not reasonably follow from [plaintiffs'] description of what happened . . . .'" *Shane*, 2008 WL 101739, at *9 (quoting *Franklin Asaph*, 794 F. Supp. at 404).

Count 21 states that the IRS "engaged in 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax.'"  (Am. Compl. at 24-25.)  This merely parrots the language of 26 U.S.C. § 6304(b) and, even when read in conjunction with the Statement of Facts, utterly fails to make "any *factual* allegations from

---

[8] If the allegations and exhibits discussed by the Court are not those upon which plaintiffs rely in Counts 20 and 23, then plaintiffs have not given sufficient information "from which the Court can discern the nature or timing of the assessment[s] to which plaintiff[s] refer[]," and therefore those counts must be dismissed as too conclusory to survive a Rule 12(b)(6) motion. *Wesselman II*, 501 F.Supp.2d at 102 n.6.

which the Court can infer that employees of the IRS engaged in conduct that could be characterized as harassing, oppressive, or abusive." *Spahr*, 501 F. Supp. 2d at 97 (dismissing identical count) (emphasis in original); *accord Wesselman II*, 501 F. Supp. 2d at 102 (same); *Stewart v. United States*, 578 F. Supp. 2d 30, 35 n.5 (D.D.C. 2008) (Bates, J.) (same).

Similarly, Counts 24, 25, and 27 merely allege that IRS Agents Joseph Conroy, Sam Anderson, and Gary Traina disregarded statutes relating to the assessment of monetary penalties upon plaintiffs. Plaintiffs' only factual contentions regarding Conroy and Anderson are that their names appeared on an unspecified type of summons received by Linda Casoria-Scott on April 1, 2008, that the summons discussed penalties assessed on "George K. Pragovich," and that she subsequently received a letter from Conroy one week later explaining that the summons was withdrawn. (SOF ¶¶ 88-89.) Because the summons had nothing to do with plaintiffs,[9] they have not alleged anything to support their legal conclusion that Conroy or Anderson disregarded laws relating to the assessment of penalties upon them. With respect to Gary Traina, plaintiffs' only factual contentions are that he was an IRS agent participating in a criminal investigation of plaintiffs' income tax liability (*id.* ¶¶ 78, 85), that Traina attempted multiple times to contact plaintiffs in person (*id.* ¶¶ 63, 65, 66), that he sent a number of third-party summonses to banks in search of information about plaintiffs (*id.* ¶¶ 69, 72, 86, 87, 90-94), and that Robert Scott filed a federal lawsuit in Alabama on August 9, 2007, seeking unsuccessfully to quash the summons that Traina served on Scott's bank. (*Id.* ¶¶ 72-77.) *See generally* Mot. to Quash, *Scott v. United States*, No. 07-MC-0017 (S.D. Ala. filed Aug. 9, 2007); Order at 1, *Scott*, No. 07-MC-0017 (S.D.

---

[9] The mailing of Pragovich's summons to plaintiffs was clearly a mistake, as Pragovich did receive his summons shortly after it was sent to plaintiffs, and it became the subject of litigation between Pragovich and the government. *See Pragovich v. Internal Revenue Serv.*, No. 08-CV-0174, 2008 WL 3855029, at *2 (D. Haw. June 16, 2008) ("Agent [Joseph] Conroy issued the third-party summonses on April 1, 2008. Petitioner [George K. Pragovich] received notice of the summonses on April 4, 2008.").

Ala. Dec. 11, 2007) (denying plaintiff's motion to quash and amended motion to quash).  The Statement of Facts does not contend that Traina's conduct had anything to do with assessing or filing a levy or lien.  Plaintiffs have thus failed to allege any support for their legal conclusion that Conroy, Anderson, or Traina unlawfully failed to verify supervisory approval of a penalty assessed on plaintiffs, unlawfully asserted a lien on plaintiffs' assets, or unlawfully disclosed plaintiffs' tax return information by filing a notice of lien.

In short, Counts 21, 24, 25, and 27 "do[] not contain sufficient factual allegations to give [] defendant fair notice of the claim[s] and raise the right to relief above the speculative level." *Guthery v. United States*, 562 F. Supp. 2d 136, 139 (D.D.C. 2008) (Sullivan, J.) (citing *Twombly*).  These four remaining claims must also be dismissed under Rule 12(b)(6).  *Accord Spahr*, 501 F. Supp. 2d at 97-98; *Wesselman II*, 501 F. Supp. 2d at 103.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Dkt. # 15] is **GRANTED** and the above-captioned case is dismissed with prejudice.  A separate order accompanies this Memorandum Opinion.

**SO ORDERED.**

> /s/
> ELLEN SEGAL HUVELLE
> United States District Judge

DATE:  April 17, 2009