UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT SCOTT, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES, et al.<br><br>        Defendants. | Civil Action No. 07-1529 (ESH) |

## MEMORANDUM OPINION AND ORDER

On April 17, 2009, the Court dismissed the amended *pro se* complaint filed by plaintiffs Robert Scott and Linda Casoria-Scott [Dkt. No. 13] for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. *See Scott v. United States*, No. 07-CV-1529, 2009 WL 1027550, at *7 (D.D.C. Apr. 17, 2009). The amended complaint, apparently "premised upon plaintiffs' belief that income tax payments are 'voluntary' and that the government's imposition of penalties [upon plaintiffs] for non-payment is 'illegal,'" *id.* at *3 n.5 (quoting plaintiffs' Statement of Facts), consisted of boilerplate recitations similar to those employed by the myriad of other tax protestors who have filed suit in this Court. On April 27, 2009, the government moved for an award of up to $10,000 in penalties against each plaintiff under 26 U.S.C. § 6673, contending that the amended complaint was both "frivolous" and "groundless." 26 U.S.C. § 6673(b)(1). [*See* Dkt. No. 23.] Plaintiffs have not opposed the government's motion.[1]

The Court finds that the amended complaint was frivolous and groundless. It was a

---

[1] Pursuant to LCvR 7(b), the Court can treat this motion as conceded since no opposition was filed within the prescribed time. The Court will nonetheless address the merits of this motion.

1

boilerplate pleading filed without concern for the law, the facts, or the redundant expenditure of judicial resources. Many of its legal premises had already been uniformly rejected by many judges on this Court, such that "any reasonable possibility of petitioner's success on the merits was squarely foreclosed by long-settled case law." *Jenkins v. Comm'r*, 483 F.3d 90, 94 (2d Cir. 2007); *see Scott*, 2009 WL 1027550, at *4-*5. Many of the amended complaint's factual allegations were either impermissibly conclusory or "flatly contradicted" by plaintiffs' own exhibits and statement of facts. *See Scott*, 2009 WL 1027550, at *5-*7. And perhaps most egregiously, the amended complaint was filed on January 12, 2009, only a few weeks after an essentially identical complaint was dismissed in its entirety on December 23, 2008 by Judge Bates in *Marsoun v. United States,* 591 F. Supp. 2d 41 (D.D.C. 2008). *See Scott*, 2009 WL 1027550, at *1 (noting identical nature of complaints).

For the foregoing reasons, it is hereby **ORDERED** that the United States' motion for award of penalty [Dkt. # 23] is **GRANTED;**

**ORDERED** that plaintiff Robert Scott is required to pay to the United States, on or before July 6, 2009, a penalty under 26 U.S.C. § 6673(b)(1) in the amount of $1,500;

**ORDERED** that plaintiff Linda Casoria-Scott is required to pay to the United States, on or before July 6, 2009, a penalty under 26 U.S.C. § 6673(b)(1) in the amount of $1,500; and

**ORDERED** that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

**SO ORDERED.**

                                                /s/
                                 ELLEN SEGAL HUVELLE
                                 United States District Judge

DATE:   May 20, 2009

COPIES TO:

YONATAN GELBLUM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
Email: Yonatan.Gelblum@usdoj.gov

ROBERT SCOTT
LINDA CASORIA-SCOTT
*Plaintiffs pro se*
1796 Augusta Drive West
Mobile, AL 36695